# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS BRITTENHAM, #252929,

    Plaintiff,

v.

                                                          Case No. 10-12346
                                                        Hon Lawrence P. Zatkoff

ADRIAN REGIONAL FACILITY,

    Defendant.
    _____/

**OPINION AND ORDER (1) DENYING APPLICATION FOR PRISONER TO PROCEED WITHOUT PREPAYMENT OF FEES; (2) DISMISSING COMPLAINT; AND (3) ENJOINING FUTURE FILINGS WITHOUT LEAVE OF THE COURT**

## I. INTRODUCTION

Michigan prisoner Dennis Brittenham ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs so that he may proceed without prepayment of the $350.00 filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff names the Adrian Regional Correctional Facility as the defendant in this action. Plaintiff claims that he had to pay taxes for food from September 14, 2009, to November 12, 2009, and seeks a tax refund and two million dollars in damages. For the reasons stated herein, the Court denies Plaintiff's application to proceed without prepayment of fees or costs and dismisses the complaint pursuant to 28 U.S.C. § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed more than three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g.*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
| --- | --- | --- | --- |
| 09-CV-14025 | Dinsa | 02/23/10 | Lawrence P. Zatkoff |
| 09-CV-14056 | MDOC | 02/26/10 | Lawrence P. Zatkoff |
| 09-CV-14285 | MacKintosh | 01/30/10 | John Corbett O'Meara |
| 09-CV-14287 | Griggs | 02/25/10 | Robert H. Cleland |
| 10-CV-10257 | Dinsa, et al. | 04/20/10 | Patrick J. Duggan |
| 10-CV-10477 | McRoberts | 03/22/10 | Avern Cohn |
| 10-CV-10478 | Mail Room | 04/09/10 | Marianne O. Battani |

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The allegations giving rise to Plaintiff's complaint, *i.e.*, the past payment of taxes on food, do not pose any threat of imminent danger of serious physical injury. Plaintiff has also not alleged any other facts showing that he is under immediate or specific danger of serious physical injury. *See Davis v. Cook*, 4 Fed. Appx 261, 262 (6th Cir. 2001). Plaintiff has thus failed to establish that he falls within the exception to the three-strikes rule.

Finally, over the past 10 months, Plaintiff has filed at least 20 lawsuits in this court. His lawsuits generally follow the same format. First, he recites a one-sentence grievance, such as in the present case, where he alleges, *in toto*, that "On or around 9-14-09 I started paying taxes for food till [sic] around 11-12-09." Second, he makes an asinine demand for damages. *See* Pl.'s Compl. at 3 ("I want income tax refund for this and 2 million dollars Class C civil lawsuit.").

The Court finds that Plaintiff is abusing the *in forma pauperis* statute and is unnecessarily draining the court's resources. Therefore, Plaintiff shall be enjoined from filing any future lawsuit seeking *in forma pauperis* status unless he first obtains leave from the Court. Any future complaint shall be accompanied by:

> (1) An application for permission to file the pleading;

> (2) An affidavit demonstrating that Plaintiff's allegations have merit and that they are not a reptetition of Plaintiff's previous complaints or petitions; and
>
> (3) A copy of this order.

See *Riches v. Aguilera*, No. 07-14469, 2008 WL 324198, at *1 (E.D. Mich. Feb. 5, 2008) (enjoining prisoner from filing additional lawsuits in this court "without proof of the Court's permission.") *Thomas v. State Courthouse*, No. 04-10087 (E.D. Mich. May 18, 2004) (enjoining future filings based on 22 applications to proceed *in forma pauperis*); *Martin v. U.S. Army Branch*, No. 06-CV-12910, 2008 WL 719297, at *1 (E.D. Mich. Mar. 14, 2008) (requiring that any future complaints "be accompanied by a 'Motion for Leave to File'"); *Edwards v. Hofbauer*, No. 960DV-74292 (E.D. Mich. Oct. 31, 1996) (enjoining the filing of future lawsuits without leave). *See also Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (noting that requiring leave is "the proper method for handling the complaints of prolific litigators and does not violate the first amendment.").

## III. CONCLUSION

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed more than three previous lawsuits in the federal courts which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court DENIES Plaintiff's application to proceed without prepayment of fees or costs and DISMISSES his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the named defendants or summarily dismissed pursuant

to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The Court also concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS FURTHER ORDERED that Plaintiff is enjoined from filing future lawsuits under the *in forma pauperis* statute without first obtaining leave of the court and complying with this order.

IT IS SO ORDERED.

                                           s/Lawrence P. Zatkoff
                                           LAWRENCE P. ZATKOFF
                                           UNITED STATES DISTRICT JUDGE

Dated: July 15, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 15, 2010.

                                           s/Marie E. Verlinde
                                           Case Manager
                                           (810) 984-3290